[Civ. No. 11397.   Second Appellate District, Division One.—April 13, 1938.]

J. S. SMITH, Respondent, v. CHARLES A. DEAN et al., Appellants.

Brittan & Mack and J. R. Girling for Appellants.

Hanna & Morton, Harold C. Morton and James M. Mc-Roberts for Respondent.

DORAN, J.—This is an appeal from a judgment in an action for damages for breach of a contract of employment.

Appellants were engaged in the business of renting tools and supplying service in connection with and for the purpose of drilling oil wells. In February of 1934, plaintiff and respondent was employed by appellants as sales agent. The agreement of employment, which was reduced to writing and signed by the parties, provided in part as follows: "1. This contract is to be in effect from September 1, 1934, to February 1, 1936, and it is hereby further agreed that (plaintiff) has the option to continue this contract, as accepted herein, for an additional period of two years, at the time of the expiration of the period herein provided for if he so elects, and (plaintiff) shall notify (defendants) of his election to so continue."

On January 7, 1936, plaintiff received a letter from defendants containing, in part, the following: " . . . we will not renew our sales contract when it expires on February 1st, 1936. We are making other plans for the soliciting of our business."

Upon the alleged wrongful discharge, plaintiff brought suit to recover damages. The complaint was in two causes of action, the first of which was for general damages for wrongful discharge, and the second for unpaid commissions alleged to be due. The case was tried before the court with a jury, which returned a verdict for the plaintiff on both causes of action.

The appeal is presented on the judgment roll and a bill of exceptions containing part of the evidence.

The sufficiency of the evidence to sustain the verdict is not questioned.

Appellants contend, among other things, that the admissibility in evidence of a certain contract which is referred to as the "original" contract, was prejudicial. It appears from the record that respondent had worked for appellants since December 1, 1933; that thereafter, namely on February 1, 1934, the parties executed a contract of employment, which was later superseded by the contract sued upon herein. The original contract was offered in evidence by plaintiff, apparently for the purpose of emphasizing the significance of, as well as for the purpose of proving, the manner in which

both parties had treated and acted upon a certain clause in the original contract, which clause appeared in the second contract in identical terms. Appellants complain that because the original contract, in certain other portions thereof, inferentially reflected discredit upon appellants, it should have been excluded. Assuming, but by no means conceding, that said original contract had such effect, nevertheless, it was properly admitted. It is well settled that evidence admissible for one purpose cannot be excluded because it does not satisfy the rules applicable to it in some other respect. (10 Cal. Jur., p. 816.) Moreover, defendants' instruction No. 19 advised the jury that Mr. Dean's character was not in issue and that such evidence was not to be considered "in respect to any personal characteristic of Mr. Dean".

It is further contended, quoting from appellants' brief, that, "It is error to instruct a jury upon principles of law which tend to confuse them and are based upon inferences and presumptions contrary to the law." The answer alleged, and defendants sought to prove, that the discharge of plaintiff was justified because the contract of employment had been violated by plaintiff in several particulars, in addition to which, although not alleged, defendants sought to prove that plaintiff had failed to make certain reports required by the contract in question. Rebuttal testimony was offered by the plaintiff on the same subjects. Appellants complain about four instructions given by the court with regard to the above-mentioned defenses, and in particular urge that each instruction "tended to indicate an opinion on the part of the court as to a fact in issue before the jury". With regard to one other instruction about which appellants complain, it is urged that the jury was limited in its consideration of the right of defendants to discharge the plaintiff. Although relatively brief, it will serve no useful purpose to recite the instructions above referred to. Taken as a whole, the instructions fairly and adequately presented the matters upon which it was proper for the court to advise the jury. Even when considered separately, the particular instructions about which appellants complain do not appear to be capable of the tendencies imputed to them by appellants. Such last-mentioned instructions are in accord with the

facts and the law and indicate no opinion on the part of the court as to any fact in issue.

There are no prejudicial errors in the record.

For the foregoing reasons, the judgment is affirmed.

York, P. J., and White, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 2, 1938.